Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4773**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LANTIS JETON YOUNG,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-00-131-MU)

Submitted: June 10, 2004          Decided: June 16, 2004

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lantis Jeton Young appeals his six convictions and corresponding sentence of life imprisonment for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841, 846 (2000); using and carrying a firearm during and in relation to a drug trafficking crime resulting in death in violation of 18 U.S.C. § 924(c)(1), (j)(1); possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841 (2000); two counts of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (2000); and carjacking in violation of 18 U.S.C. § 2119 (2000). Counsel for Young has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but presents a sufficiency of the evidence claim as to each of Young's convictions. Young was informed of his right to file a pro se supplemental brief and has elected to do so. Finding no reversible error in Young's trial or sentence, we affirm.

In reviewing Young's sufficiency of the evidence challenge, we bear in mind that "[t]he verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate

and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The evidence established at Young's trial, largely unrebutted, substantially established his guilt as to all six counts. Thus, we reject his challenge to the sufficiency of the evidence on all counts as baseless.

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. Additionally, we reject the claims raised in Young's pro se supplemental brief as meritless. Accordingly, we affirm Young's convictions. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED