**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4773**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LANTIS JETON YOUNG,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-6461)

Submitted: November 18, 2005          Decided: January 10, 2006

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Charlotte, North
Carolina; Amy E. Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the United States Supreme Court. We previously affirmed Lantis Jeton Young's conviction. United States v. Young, No. 03-4773, 100 F. App'x 214 (4th Cir. 2004) (unpublished). The Supreme Court vacated our decision and remanded Young's case to us for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

In Young's supplemental brief, filed at this court's direction after the Supreme Court's remand, he contends the sentences on count one, conspiracy to possess with intent to distribute cocaine and cocaine base, count three, possession with intent to distribute cocaine, and count five, carjacking, were based on facts not found by the jury, and that the life imprisonment term for count two, drug trafficking resulting in death, was erroneous in light of Booker because it was imposed under a mandatory sentencing guidelines scheme.[1] The Government acknowledges that the sentence imposed for count five, carjacking, was based on facts not found by the jury. However, the Government argues that the error does not affect Young's substantial rights

---

[1]Young also argues that because the verdict did not apportion the culpability for the conspiracy to distribute cocaine and cocaine base, the sentence imposed runs contrary to this court's decision in United States v. Collins, 415 F.3d 304 (4th Cir. 2005). However, this count was grouped with count four, use of a handgun in relation to drug trafficking resulting in death, for purposes of calculating the guidelines range. As a result, Young's relative culpability was not a factor in the calculation.

because the error will not affect the total amount of time Young is required to serve.

Under U.S. Sentencing Guidelines Manual § 3D1.2(b) (2003), the probation officer grouped together three of the counts of conviction: conspiracy to possess with intent to distribute cocaine and cocaine base (count one), use and carry of a handgun during a drug trafficking crime resulting in death (count two), and possession with intent to distribute cocaine (count three). For those counts, the recommended base offense level was forty-three. Two levels were added for obstruction of justice, for an adjusted offense level of forty-five. The offense level was reduced to forty-three, the highest level in the sentencing table.[2]

For the carjacking count (count five), USSG § 2B3.1 (robbery) called for a base offense level of twenty. Six levels were added because a firearm was used. Four levels were added because a person was abducted to facilitate the commission of the offense, and two levels were added because the offense involved carjacking, for an adjusted offense level of thirty-two. After the multiple-count adjustment under USSG § 3D1.4, the combined adjusted offense level was found to be forty-five, with a total offense level of forty-three. For the count alleging using and carrying a firearm during the commission of a drug trafficking crime (count

---

[2]Under USSG Ch.5 Pt. A, comment. (n.2), a total offense level of more than 43 is to be treated as an offense level of 43.

four), as well as the count alleging using and carrying a firearm during and in relation to a crime of violence (count six), the guideline sentence is the minimum term required by statute.[3]

The judge sentenced Young to two terms of life imprisonment on counts one and two, two terms of 240 months' imprisonment on counts four and six to run consecutively with each other and the life imprisonment terms, and one term of 180 months' imprisonment on count five to run concurrently with the other terms of imprisonment.

This court has identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Young did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines in the district court, review is for plain error. Hughes, 401 F.3d at 547.

To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32

---

[3]Young acknowledges that the terms of imprisonment he received for counts four and six do not offend Booker.

(1993); Hughes, 401 F.3d at 547-48.  If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).  While the mandatory application of the guidelines constitutes plain error, United States v. White, 405 F.3d 208, 217 (4th Cir. 2005), a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

Young was sentenced to life imprisonment on counts one and two.  On each of these counts, the offense level under the sentencing guidelines was forty-three, USSG § 2A1.1(a); that offense level was based on the jury's finding that Young committed a murder during the course of the conspiracy.  Because the offense level was based on the jury's verdict, and because an offense level of forty-three calls for a life sentence under the guidelines regardless of the defendant's criminal history, Young's sentence on these counts does not violate the Sixth Amendment. USSG Ch. 5, Pt. A, Sentencing Table.  Moreover, nothing in the sentencing

transcript or elsewhere in the record suggests that the district court would have given Young a lower sentence if the guidelines were not mandatory.  Therefore, Young has not established plain error that warrants resentencing under <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005).

As the Government concedes, Young's 180-month sentence on count five, carjacking, was based on facts not found by the jury or admitted  by Young.  However, we conclude that because the sentence on count five runs concurrently with the life sentences on counts one and two, he cannot show that his substantial rights have been violated by the imposition of a sentence based on judge-found facts on count five.  <u>See</u> <u>United States v. Ellis</u>, 326 F.3d 593, 599-600 (4th Cir. 1993).

Finally, the 240-month sentences on counts three, four, and six are statutory mandatory minimum sentences.  <u>See</u> 18 U.S.C. § 924(c)(1) (2000); 21 U.S.C. § 841(b)(1)(C) (2000).  As such, we find they are not impacted by <u>Booker</u>.

Accordingly, we reinstate our June 16, 2004 opinion affirming Young's conviction, and we affirm Young's sentence after our reconsideration in light of <u>Booker</u>.  We deny Young's motion to remand for resentencing.  We dispense with oral argument because the facts and legal  contentions  are  adequately  presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED